IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CARLTON PHAROAH STROTHER,   Petitioner, | § § § | |
| v. | § § | No. 3:20-cv-01038-S (BT) |
| K. ZOOK,   Respondent. | § § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Carlton Pharoah Strother, a federal prisoner, has filed a *pro se* petition for a writ of habeas corpus under 28 U. S. C. § 2241 challenging a prison disciplinary proceeding in which he was found to have violated a rule prohibiting the possession of a cell phone. The District Court referred the petition to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the following reasons, the Court should DENY the petition.

I.

Strother is currently serving a 234-month prison sentence for aggravated identity theft and access device fraud. Pet. 3 (ECF No. 3); Resp. 1 (ECF No. 7). On April 27, 2020, the Clerk's Office received his § 2241 petition challenging a September 12, 2018 prison disciplinary proceeding held at the United States Penitentiary (USP) Leavenworth in Leavenworth, Kansas.[1]

---

[1] Although the prison disciplinary hearing at issue occurred at USP Leavenworth, this Court has jurisdiction over the petition because Strother filed it when he was incarcerated at the Federal Correctional Institution (FCI) Seagoville in Seagoville,

In his petition, Strother asserts:

>   (1)   The facts set forth in the incident report were altered days after the alleged incident, and this resulted in a violation of the Bureau of Prisons (BOP) Program Statement and Due Process;
>
>   (2)   He requested a witness on the form, but his request was marked out and initialed by Counselor Murray, without Strother's consent;
>
>   (3)   No evidence linked Strother to the cell phone or the boots in which the cell phone was allegedly found; and
>
>   (4)   The Disciplinary Hearing Officer (DHO) did not find grounds for constructive possession of contraband.

Strother requests expungement of the sanctions imposed against him by the DHO and reinstatement of the good time credit he lost. Pet. 6 (ECF No. 3). Respondent argues that Strother's petition should be dismissed because his claims are meritless. Strother filed a reply. The petition is now ripe for determination.

II.

The relevant facts, as set forth in a declaration provided by DHO Rebecca Bryant, are as follows:

>   Strother had a disciplinary action brought against him for possession of a cell phone at USP Leavenworth on August 29, 2018. App. ¶ 3 (ECF No. 8). The Incident

---

Texas. Pet. 2 (ECF No. 3). *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (holding that a § 2241 petition "must be filed in the district where the prisoner is incarcerated."); *Lee v. Wetzel*, 244 F.3d 370, 373 (5th Cir. 2001) ("[T]he district of incarceration is the only district that has jurisdiction to entertain a defendant's § 2241 petition.") (citing *Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir. 1999); *Story v. Collins*, 920 F.2d 1247, 1251 (5th Cir. 1991)).

Report was delivered to Strother on the date of the incident. *Id.* ¶ 5.

The Incident Report was amended on September 5, 2018, to correct the Camp dormitory unit where the incident occurred from A-2 Camp dormitory to A-1 Camp dormitory. *Id.* ¶ 6. The description of the incident in the Incident Report and the amended Incident Report are the same other than the Camp dormitory number. *Id.* Strother was given a copy of the amended Incident Report on the date it was written. *Id.* ¶ 7. The amended Incident Report specifically states, "THIS IS A REWRITE." *Id.*

The amended Incident Report was investigated on September 5, 2018. *Id.* ¶ 8. The Investigating Lieutenant informed Strother of his rights, including his right to remain silent. *Id.* Strother indicated that he understood his rights. *Id.* The Investigating Lieutenant asked Strother whether he wished to provide a statement, but Strother elected not to make a statement. *Id.* The Investigating Lieutenant also informed Strother of his right to call witnesses, but Strother did not request any witnesses at the time. *Id.* ¶ 9. The Investigating Lieutenant determined that Code 108 Possession of a Hazardous Tool was the appropriate charge and referred the report to the Unit Discipline Committee (UDC). *Id.* ¶ 10.

The UDC review was held on September 6, 2018. *Id.* ¶ 11. Based on the severity of the charged act, the report was referred to the DHO for further hearing. *Id.* Strother did not make a statement to the UDC during their review. *Id.* The amended Incident Report does not show that Strother denied the cell phone belonged to him, and he did not argue a witness would have information to exonerate him. *Id.* Strother did not request a staff representative; nor did he request any witnesses. *Id.* ¶ 13. He claims that the employee who provided him with the notice crossed out the partial line in "do" wish to have witnesses and changed it to "do not" wish to have witnesses. *Id.* The employee initialed next to the change, but Strother argues that the document shows no proof he "consented to the changes." *Id.* The one change on the form, initialed by the employee with the initials "BM," appears to refer to B. Murray, the staff

3

member who signed the form. *Id.* Strother claims that he also should have been asked to initial the form, but his signature is at the bottom of the document, and he could have initialed or made changes anywhere on the document before signing the document. *Id.*

Strother's Disciplinary Hearing was held on September 12, 2018. *Id.* ¶ 14. The Discipline Hearing Officer Report was completed on September 21, 2018. *Id.* In support of her ultimate conclusion that Strother was guilty as charged, the DHO considered: the facts provided by the reporting staff member; that Strother told the reporting officer that the area where the cell phone was found was his bunk; that inmates are responsible for reporting contraband found in their bunks; that Strother declined to make a statement during the Lieutenant's investigation or the UDC hearing; Strother's denial, during the DHO hearing, that the phone or boots belonged to him; and the fact that Strother claimed that the reporting staff member misstated the location of the phone. *Id.* ¶¶ 15-16. The DHO also reviewed photographs attached to the Incident Report. *Id.* The DHO concluded that, based on the greater weight of the evidence, Strother committed the prohibited act of Possession of a Cell Phone in violation of Code 108. *Id.* ¶ 17.

Strother received sanctions, including the loss of forty-one days of Good Conduct Time. *Id.* ¶ 18. He received a copy of the DHO Report on September 25, 2018. *Id.* Strother completed the Administrative Remedy Program regarding his appeal of the DHO's action. *Id.* ¶ 19.

III.

Strother contends that the September 12, 2018 prison disciplinary proceeding violated his due process rights. Due process is satisfied in a disciplinary proceeding when the inmate gets a finding from an impartial decision maker and is also provided: (1) written notice of the charges against him at least twenty-four hours before the hearing, (2) a written statement of the factfinders as to the

4

evidence relied on and the reasons for the disciplinary action taken, and (3) the opportunity to call witnesses and present documentary evidence in his defense, unless these procedures would create a security risk in the particular case. *Wolff v. McDonnell*, 418 U. S. 539, 563-66 (1974); 28 C. F. R. § 541. 1 *et seq.*; *see also Henson v. U. S. Bureau of Prisons*, 213 F. 3d 897, 898 (5th Cir. 2000); *Walker v. Navarro County Jail*, 4 F. 3d 410, 412 (5th Cir. 1993). Without the imposition of atypical or significant hardship, however, an inmate lacks the basis for a federal lawsuit concerning a prison disciplinary action. *Sandin v. Conner*, 515 U. S. 472, 486 (1995); *see also Malchi v. Thaler*, 211 F. 3d 953, 958 (5th Cir. 2000) (loss of commissary, phone privileges, and visitation privileges do not trigger due process protection). But the Due Process Clause is applicable to prison disciplinary proceedings where a prisoner is threatened with a loss of good time credit. *Wolff*, 418 U. S. at 539, 556 ("[P]rison disciplinary proceedings are not part of a criminal prosecution, and the fully panoply of rights due a defendant in such proceedings does not apply."); *see also Henson*, 213 F. 3d at 898.

When reviewing a prison disciplinary action, a court must consider only whether the decision of the prison authority was supported by "some facts." *Smith v. Rabalais*, 659 F. 2d 539, 545 (5th Cir. 1981); *see also Stewart v. Thigpen*, 730 F. 2d 1002, 1005 (5th Cir. 1984). Due process does not require that the evidence in such a proceeding eliminate all other possible conclusions. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U. S. 445, 457 (1985); *see also Gibbs v. King*, 779 F. 2d 1040, 1044-45 (5th Cir. 1986). "Ascertaining whether this standard is satisfied does not

5

require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill,* 472 U. S. at 455-56. The reporting staff member's incident report, standing alone, constitutes some evidence to support a disciplinary conviction. *Hudson v. Johnson*, 242 F. 3d 534, 536-537 (5th Cir. 2001). "[F]ederal courts cannot retry every prison disciplinary dispute; rather the court may act only where arbitrary or capricious action is shown." *Reeves v. Pettcox*, 19 F. 3d 1060, 1062 (5th Cir. 1994); *see also Smith*, 659 F. 2d at 545 ("The federal courts cannot assume the task of retrying all disciplinary disputes."). In fact, the federal court is not required to examine the full record, independently assess the credibility of witnesses, or weigh the evidence to determine whether there is sufficient evidence to support the DHO's factual findings. *Hill*, 472 U. S. at 455.

Here, the evidence before the Court demonstrates that the required due process safeguards were met with respect to Strother's disciplinary proceedings. The incident occurred on August 29, 2018, and the Incident Report was delivered to Strother that same day. App. (ECF No. 8) ¶ 5.  Strother was given a copy of the amended Incident Report on September 5, 2018, the date it was written. *Id.* ¶ 7. Strother's disciplinary hearing was not held until September 12, 2018, so he properly received notice of the charges well in advance of the hearing. *Id.* ¶ 14. Strother was also given the opportunity to present a statement during the

6

Lieutenant's investigation and the UDC hearing, but he elected not to do so. *Id.* ¶ 16. Strother did not request witnesses, and he waived his right to staff representation to assist him at his disciplinary hearing. *Id.* ¶ 13.

Strother argues that the prison's disciplinary action should be overturned because the cell phone at issue was found in a common area. Pet. 6 (ECF No. 3); Mem. 1 (ECF No. 4). This argument is not persuasive because Strother fails to either allege or demonstrate that another inmate assigned to that area had access to the boots where the cell phone was found.

Strother also argues that the evidence in support of the DHO's conclusions was insufficient. Pet. 6 (ECF No. 3); Mem. 1 (ECF No. 4). He claims that other inmates had access to the common area where the cell phone was found. Pet. 6 (ECF No. 3). However, Strother has not come forward with any evidence in support of this argument. Moreover, even if he had come forward with some evidence in support of his argument, there is sufficient evidence in the record to support the DHO's conclusion that Strother constructively possessed the cell phone at issue. *See Flannagan v. Tamez*, 368 F. App'x 586, 588 (5th Cir. 2010) (per curiam) (affirming the denial of a § 2241 petition where the contraband was found in an area the inmate shared with five other inmates); *see also United States v. McKnight*, 953 F. 2d 898, 901 (5th Cir. 1992) ("In general, a person has constructive possession if he knowingly has ownership, dominion, or control over the contraband itself or over the premises in which the contraband is located."). After all, "[t]he mere fact that the phone was found in an area accessible to other

inmates does not render a disciplinary finding that the inmate possessed contraband constitutionally infirm." *Buitrago v. Mejia*, 2015 WL 5092603, at *3 (N. D. Tex. Aug. 28, 2015) (citing *Davis v. Bragg*, 2011 WL 1868382, at *4, n. 32 (W. D. Tex. 2011), and *Pruitt v. Martin*, 2013 WL 6141653, at *3 (E. D. Tex. 2013)); *see also Pruitt*, 2013 WL 6141653, at *3-*4 (in an open dormitory, the discovery of a cell phone underneath a pillow on an inmate's bunk was some evidence that the inmate possessed the cell phone).

Here, the evidence before the Court reveals that, on August 29, 2018, at around 7:00 p. m. , Officer J. Reisig conducted a random search of Strother's bunk and locker area. App. 21 (ECF No. 8). Strother stood up from bunk number F01-008L. *Id*. Officer Reisig asked Strother if that was his bunk, and Strother responded "yeah." *Id*. Under that bunk, there were several pairs of shoes, and within one pair of black work boots there was a black and silver LG smart phone. *Id*. Strother declined to make a statement. *Id*. And following Strother's Disciplinary Hearing, the DHO noted, "[t]he DHO considered your silence to the investigating Lieutenant and the UDC and used this to draw and [sic] adverse inference." *Id*. 33.

Strother argues that the Incident Report was not written up within twenty-four hours of the incident. Pet. 5 (ECF No. 3); Mem. 1 (ECF No. 4). But Strother is mistaken. The incident occurred on August 29, 2018, and the Incident Report was delivered to him that same day. App. ¶ 5 (ECF No. 8). On September 5, 2018, the Incident Report was amended, and Strother was provided a copy of the amended Incident Report the same day. *Id*. ¶¶ 6, 7.

8

Strother complains about changes to the description of the incident in the Incident Reports. On September 5, 2018, the Incident Report was amended to correct an error in the statement regarding which Camp dormitory the incident occurred in. App. ¶ 7 (ECF No. 8). This was the only change made to the description of the incident, and Strother was provided a copy of the amended Incident Report. *Id.* ¶¶ 6, 7.

Strother also complains about changes to the Notice of Discipline Hearing. Namely, Strother claims that he marked he wanted witnesses, but the prison employee who provided him with the form scratched that out and marked that he did not want witnesses. *Id.* ¶ 13; Pet. 5 (ECF No. 3); Mem. 1 (ECF No. 4).  However, the prison employee initialed the change with the initials "BM," presumably for B. Murray. App. ¶ 13 (ECF No. 8).  Strother was advised of the change, and he signed the document. *Id.* To the extent that Strother wanted witnesses, he was free to list the witnesses on the amended Incident Report when he signed it, or he could have mentioned it at the hearing. *Id.* He did neither.  *Id.*

The evidence before the Court, as outlined above, supports the decision of the DHO.  The Court applies a very deferential standard in its review. Specifically, "[p]rison disciplinary proceedings will be overturned only where there is *no evidence* whatsoever to support the decision of the prison officials." *Pina v. Tamez*, 470 F. App'x 298, 299 (5th Cir. 2012) (per curiam) (emphasis added) (quoting *Reeves v Pettcox*, 19 F. 3d 1060, 1062 (5th Cir. 1994)).  This is so because "[n]o *de novo* review of the disciplinary board's factual finding is required, but the courts

9

must consider whether at least the decision is supported by 'some facts' 'whether any evidence at all' supports the action by prison officials." *Smith*, 659 F. 2d at 545 (quoting *Willis v. Ciccone*, 506 F. 2d 1011, 1018 n. 11 (8th Cir. 1974)). In sum, the Court concludes that Strother's disciplinary proceeding was consistent with the requirements of due process, and the decision of the DHO was supported by at least "some evidence. "

IV.

For the foregoing reasons, the Court should DENY Strother's petition.

Signed August 5, 2021.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U. S. C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F. 3d 1415, 1417 (5th Cir. 1996).